```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION
```

KATHY E. LAUDERDALE,          §
                              §
    Plaintiff,              §
                              §
v.                            §   Civil Action No. H-11-3449
                              §
WELLS FARGO BANK, N.A.,       §
                              §
    Defendant.              §

## MEMORANDUM OPINION AND ORDER

Pending before the court[1] is Defendant's Motion to Dismiss with Prejudice (Doc. 11). For the reasons set forth below, the motion is **GRANTED**.

### I. Case Background

This action was removed to this court on September 22, 2011, pursuant to this court's diversity jurisdiction.[2] Plaintiff Kathy Lauderdale ("Plaintiff") alleges five causes of action against Defendant Wells Fargo Bank, N.A. ("Defendant"): 1) Declaratory Judgment; 2) Breach of Contract; 3) Negligence; 4) Wrongful Foreclosure; and 5) Slander of Title.[3]

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Doc. 7.

[2] Doc. 1, Notice of Removal.

[3] Doc. 1-3, Ex. 2 to Notice of Removal, Pl.'s Original Petition, Petition for Declaratory Relief, Application for Injunctive Relief, and Request for Disclosures ("Pl.'s Petition"), ¶¶ 15-25.

The following allegations are taken from Plaintiff's Petition.[4] In September of 2007, Plaintiff purchased real property from a third party, and signed a Deed of Trust and Promissory Note with that third party.[5] The Deed of Trust and Promissory Note were later transferred from the third party to Defendant.[6] After the transfer, Plaintiff fell behind on her payments.[7] In the first quarter of 2010, Plaintiff applied for a loan modification from Defendant.[8] Plaintiff claims that she was told by employees of Defendant not to make payments and to ignore foreclosure notices during the loan modification process.[9]

Plaintiff received proposed terms of a modification in April of 2010, and continued negotiations with Defendant.[10] In January of 2011, Defendant accelerated the note due to non-payment of the mortgage and began the process for a foreclosure sale.[11] A foreclosure sale occurred on March 1, 2011, and the property was

---

[4] Doc. 1-3, Pl.'s Petition.

[5] Id. at ¶ 6.

[6] Id. at ¶ 7.

[7] Id. at ¶ 8.

[8] Id. at ¶ 9.

[9] Id. at ¶ 10.

[10] Id. at ¶ 11.

[11] Id. at ¶ 12.

purchased by Defendant.[12]  Plaintiff remains in the property based on an injunction issued by the state court.

## II. Standard

Rule 8(a)(2) "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' "  Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  The question in a Rule 12(b)(6) motion, therefore, is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff.  Fed. R. Civ. P. 12(b)(6); In re Katrina Canal Beaches Litig., 495 F.3d 191, 205 (5th Cir. 2007).

The court determines whether the plaintiff has stated a legally cognizable claim that is plausible; the court does not evaluate the plaintiff's likelihood of success.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A pleading will not survive a motion to dismiss if it only offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement.  Id.

## III. Analysis

---

[12]   Id. at ¶ 14.

Defendant moves to dismiss all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff did not respond to this motion. After consideration of the merits of the motion, the court agrees that Plaintiff failed to state a claim upon which relief can be granted, as explained below.

**A. Declaratory Judgment**

A declaratory judgment allows "a person interested under a deed" to "have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder." Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West). The court may declare "rights, status, and other legal relations." Tex. Civ. Prac. & Rem. Code Ann. § 37.003 (West).

Plaintiff's complaint requests a declaration that the foreclosure sale was ineffective and, therefore, void. This requires a finding that Defendant breached the contract with Plaintiff, which is a question of fact. This "is not a declaration of a right or status and therefore, is not the proper subject of a declaratory judgment." Hill v. Heritage Res., Inc., 964 S.W.2d 89, 140 (Tex. App.--El Paso 1997, pet. denied).

Plaintiff also seeks a declaration that estoppel and laches bar Defendant from taking actions against the property adverse to Plaintiff. Plaintiff did not plead any facts that would explain

4

how or why these doctrines would apply.  Without facts to support a request for declaratory relief, the pleading does not meet the threshold standards of <u>Iqbal</u> and <u>Twombly</u>.  Therefore, Plaintiff's claims for declaratory relief are **DISMISSED**.

**B. Breach of Contract**

A breach of contract claim requires allegations that: 1) a valid contract exists; 2) plaintiff fully performed her obligations; 3) defendant breached the contract; and 4) plaintiff was damaged as a result of the breach.  <u>Hovorka v. Cmty. Health Sys., Inc.</u>, 262 S.W.3d 503, 508-09 (Tex. App.--El Paso 2008, no pet.).

Here, Plaintiff avers that after she became delinquent on her payment obligations under the note, she requested a loan modification.[13]  During the loan modification process, the bank accelerated the note and foreclosed on the loan.[14]  The present complaint does not allege that Defendant breached an existing contract.  Instead, Plaintiff appears to be complaining that after she breached the contract by not making her payments, Defendant did not consummate a loan modification agreement after months of negotiations for such an agreement and foreclosed on the home after telling her to ignore foreclosure notices.  Plaintiff's attorney

---

[13] Doc. 1-3, Pl.'s Petition, ¶ 8.
[14] Doc. 1-3, Pl.'s Petition, ¶ 14.

explained that her claim was in the nature of a claim for breach of an implied contract of good faith and fair dealing.[15]

However, "the relationship of mortgagor and mortgagee ordinarily does not involve a duty of good faith." <u>Fed. Deposit Ins. Corp. v. Coleman</u>, 795 S.W.2d 706, 709 (Tex. 1990). Plaintiff has not pled sufficient facts to demonstrate that her contract with Defendant imposed a duty of good faith and fair dealing. In the absence of a cognizable claim, Plaintiff's breach of contract cause of action is **DISMISSED**.

**C. Negligence**

A negligence claim requires allegations that: 1) defendant owed a duty to plaintiff; 2) defendant breached that duty; and 3) damages were proximately caused by the breach. <u>Kroger Co. v. Elwood</u>, 197 S.W.3d 793, 794 (Tex. 2006). Additionally, the defendant's conduct must give rise to liability that is independent of the contract between the parties. <u>Sw. Bell Tel. Co. v. DeLanney</u>, 809 S.W.2d 493, 494 (Tex. 1991).

Plaintiff argues that Defendant's negligence originates from a duty of good faith and fair dealing, arising from the contract or by statute.[16] As previously explained, a duty of good faith does not generally arise from a mortgage contract. Plaintiff has not responded to this motion, therefore the court has not been provided

---

[15]    <u>See</u> Recording of Motion Hearing, July 31, 2012, wherein Plaintiff's counsel explained his theory of relief to the court.
[16]    Recording of Motion Hearing, July 31, 2012.

with any legal authority supporting a negligence theory under the facts as alleged in the complaint. Therefore, Plaintiff's negligence claim is **DISMISSED.**

### D. Wrongful Foreclosure

A wrongful foreclosure claim requires a plaintiff to prove that: 1) there was a defect in the foreclosure sale proceedings; 2) there was a grossly inadequate selling price; and 3) there is a causal connection between the defect and selling price. Sauceda v. GMAC Mortg. Corp., 268 S.W.3d 135, 139 (Tex. App.--Corpus Christi 2008, no pet.).

Plaintiff has not alleged any facts supporting a conclusion that there was a defect in the foreclosure proceedings or an inadequate sales price. Before a foreclosure sale can proceed, notice of the sale must be sent to each debtor who is obligated to pay the debt. Tex. Prop. Code Ann. § 51.002. Plaintiff acknowledges receiving this notice.[17] Although Plaintiff alleges that "[i]n defiance of the Plaintiff's legal rights, Wells Fargo conducted a foreclosure sale . . . ,"[18] this statement is a legal conclusion, and the court "is not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Plaintiff has not alleged any other fact in support of her claim that there was a defect in the foreclosure

---

[17]   Doc. 1-3, Pl.'s Petition, ¶ 12.

[18]   Id. at ¶ 14.

7

process, an inadequate sales price, or a causal connection between the two.  Therefore, this claim is **DISMISSED**.

### E. Slander of Title

A slander of title claim requires allegations that: 1) defendant uttered and published disparaging words, 2) the utterance was false, 3) the utterance was made with malice, 4) the utterance caused special damages, 5) plaintiff had an estate or interest in the property, and 6) there was a loss of a specific sale.  <u>Williams v. Jennings</u>, 755 S.W.2d 874, 879 (Tex. App.– Houston [14th Dist.] 1988, writ denied).

Plaintiff's complaint contains no facts supporting any element of this claim.  Therefore, Plaintiff's slander of title claim is **DISMISSED**.

### IV. Conclusion

Based on the foregoing, Defendant's Motion to Dismiss (Doc. 11) is **GRANTED**.  If Plaintiff believes she can replead any claim in conformity with this opinion, she may file a motion for leave to amend, attaching a copy of her proposed complaint, within fourteen days from the date this order is entered.

**SIGNED** in Houston, Texas, this 1st day of October, 2012.

_____
Nancy K. Johnson
United States Magistrate Judge

8